# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| SAMUEL TYRONE JEFFERS | CIVIL ACTION NO. 06-2185-P |
| VERSUS | JUDGE HICKS |
| WARDEN BURL CAIN | MAGISTRATE HORNSBY |

### REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Samuel Tyrone Jeffers, pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on November 13, 2006. Petitioner challenges his state court conviction and sentence. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, and he names Warden Burl Cain as respondent.

On October 19, 1989, Petitioner was convicted of one count of aggravated battery in the Louisiana First Judicial District Court, Parish of Caddo. Petitioner was sentenced to ten months imprisonment in the parish jail.

In support of this petition, Petitioner alleges (1) his guilty plea was invalid, (2) the state procedural default rule should not apply and (3) the one-year time limitation should be equitably tolled.

For the reasons discussed below, Petitioner's application for habeas relief should be dismissed for lack of subject-matter jurisdiction.

---

[1] This decision is not intended for commercial print or electronic publication.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  A petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. See  Maleng v. Cook, 490 U.S. 488, 490-92 (1989).  If the sentence has fully expired before the habeas petition is filed, then the petitioner is not in "custody" and the federal court has no jurisdiction over the petition. Maleng v. Cook, Id. at 491.  Petitioner admits in his petition that he is presently not in custody pursuant to the conviction and sentence he seeks to challenge in this petition.  Accordingly, Petitioner has failed to establish that he was in custody for the purposes of a habeas attack on the aggravated battery conviction because the sentence imposed for that conviction had already expired.  Thus, Petitioner has failed to state a cause of action under 28 U.S.C. § 2254.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED** because the Court does not have subject-matter jurisdiction.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the clerk of court.  Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS ON APPEAL.**

THUS DONE AND SIGNED at Shreveport, Louisiana, this 22nd day of March, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE